# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 12AP1245-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Eric S. Brittain, Attorney at Law:<br><br>Office of Lawyer Regulation,<br>        Complainant,<br>    v.<br>Eric S. Brittain,<br>        Respondent. |

---

DISCIPLINARY PROCEEDINGS AGAINST BRITTAIN

---

| | |
|---|---|
| OPINION FILED: | March 22, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

---

| | |
|---|---|
| SOURCE OF APPEAL: | |
|    COURT: | |
|    COUNTY: | |
|    JUDGE: | |

---

| | |
|---|---|
| JUSTICES: | |
|    CONCURRED: | |
|    DISSENTED: | |
|    NOT PARTICIPATING: | |

---

ATTORNEYS:

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2012AP1245-D

STATE OF WISCONSIN      :      IN SUPREME COURT

**In the Matter of Disciplinary Proceedings
Against Eric S. Brittain, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

   **v.**

**Eric S. Brittain,**

      **Respondent.**

**FILED**

**MAR 22, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney publicly reprimanded.*

¶1 PER CURIAM. We review the report and recommendation of the referee, Richard C. Ninneman, approving a stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Eric S. Brittain regarding Attorney Brittain's professional misconduct in the handling of two client matters. The OLR and Attorney Brittain stipulate that Attorney Brittain committed professional misconduct. The referee concluded that the appropriate sanction for the misconduct is a public reprimand.

Upon careful consideration, we adopt the stipulated facts and the referee's conclusions of law. We also agree that a public reprimand is an appropriate level of discipline, and we deem it appropriate to order Attorney Brittain to pay the full costs of the proceeding, which are $3,348.31 as of January 31, 2013.

¶2 Attorney Brittain was licensed to practice law in Wisconsin in 2003, and most recently practiced in Glendale, Wisconsin. He has not previously been the subject of professional discipline.

¶3 On June 5, 2012, the OLR filed a complaint alleging four counts of misconduct arising out of Attorney Brittain's representation of clients in two criminal matters. In the first matter, Attorney Brittain was retained to defend V.K., who was charged with misdemeanor battery and disorderly conduct in Waukesha County. Judge J. Mac Davis initially served as the presiding judge in the matter.

¶4 On November 25, 2008, Attorney Brittain appeared in court for the first day of a scheduled jury trial and made an opening statement on behalf of V.K. In the course of the opening statement Attorney Brittain told the jury, "I want to talk about violence. And, well, what it is like to be in an environment where people yell and scream. And I know that environment because I grew up in one, and my mom was very erratic, very emotionally unstable." Judge Davis immediately interrupted and admonished Attorney Brittain that it was inappropriate to reflect on personal matters in an opening statement. After Judge Davis asked that he refocus his remarks,

2

Attorney Brittain approached his client, put his hands on his client's shoulders, and told the jury, "I know . . . a brave man when I see one."

¶5 Judge Davis immediately interrupted again and admonished Attorney Brittain that his conduct was inappropriate. Judge Davis directed Attorney Brittain to return to the lectern and instructed that he was not allowed to vouch for his client and that he should not put his hands on his client or talk about his client's character in that fashion.

¶6 Continuing his opening statement, Attorney Brittain told the jury:

> Imagine what it is to be falsely accused of something, and to know what a conviction would mean to you, especially if you have a two-year[-]old son and your wife is emotionally unstable and erratic, and you're falsely accused, what that means.

> I'm going to tell you what happened that day. I'm going to tell you about [the defendant]. I'm going to do it in the first person narrative as if I am [the defendant] so that you can know what happened.

¶7 Judge Davis again interrupted and said the court would not allow Attorney Brittain to make an opening statement in the form of a first person narrative. After Attorney Brittain said he would renew an earlier motion seeking Judge Davis's recusal based on alleged bias, Judge Davis excused the jury. In the conference that followed outside the presence of the jury, Judge Davis said Attorney Brittain was raising his voice and sticking his finger in the face of the assistant district attorney who was prosecuting the case. Attorney Brittain disagreed with

Judge Davis's statements. He also continued to challenge rulings made by Judge Davis as to the form of the opening statement. Judge Davis reaffirmed his earlier rulings and instructed Attorney Brittain not to give any first person remarks, not to vouch for his client's credibility, and not to talk about his personal life experiences.

¶8 After the jury returned to the courtroom, Judge Davis sustained two more objections by the assistant district attorney based on Attorney Brittain making inappropriate comments during his opening statement. After Judge Davis sustained the second objection, Attorney Brittain turned to look at Judge Davis, paused, and then said to the jury, "And so, [l]adies and [g]entleman, under a lot of——a lot of obstacles, we are here today."

¶9 After opening statements were concluded, Judge Davis again excused the jury and found Attorney Brittain in summary contempt of court for the comment about "obstacles." Judge Davis sanctioned Attorney Brittain with a forfeiture of $50. On February 16, 2009, the court entered the written order of contempt against Attorney Brittain based on the oral contempt order of November 25, 2008. Attorney Brittain appealed the contempt order. The court of appeals affirmed Judge Davis's order holding Attorney Brittain in contempt.

¶10 The OLR's complaint alleged that by injecting personal and irrelevant information about himself during his opening

4

statement, Attorney Brittain violated SCR 20:3.4(e);[1] by vouching for his client during his opening statement, Attorney Brittain violated SCR 20:3.4(e); and by suggesting in his opening statement that Judge Davis was creating "obstacles" to the defense, Attorney Brittain engaged in conduct intended to disrupt a tribunal, in violation of SCR 20:3.5(d).[2]

¶11 The other client matter detailed in the OLR's complaint involved Attorney Brittain's representation of R.C., who was charged in Milwaukee County with burglary of a building or dwelling. Judge Jean DiMotto served as the presiding judge in the matter. On November 11, 2009, the matter came before Judge DiMotto on the defendant's arraignment.

¶12 After Judge DiMotto had accepted the defendant's not guilty plea and was prepared to adjourn the proceeding, Attorney Brittain initiated a further exchange with the court regarding discovery demands, including a request to have access to his client's vehicle, which the City of Milwaukee Police Department had impounded, for an expert inspection. Because there were differences between the parties as to the discovery request

---

[1] SCR 20:3.4(e) states a lawyer shall not "in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused; . . . ."

[2] SCR 20:3.5(d) states a lawyer shall not "engage in conduct intended to disrupt a tribunal."

concerning the vehicle and there was no motion before the court on that issue, Judge DiMotto told Attorney Brittain that the issue was premature and that he should bring a motion. Judge DiMotto then indicated the proceeding was closed for the day.

¶13 Raising his voice, Attorney Brittain continued to attempt to address the court about the discovery issues. He repeatedly disregarded Judge DiMotto's instructions that the case was done for the day and said, "You[r] Honor, I believe your behavior is inappropriate."

¶14 On the morning of December 17, 2009, the matter came before Judge DiMotto for a hearing on the defendant's motion to compel discovery. During the hearing, again raising his voice, Attorney Brittain asked Judge DiMotto to recuse herself and called her statements about his pattern of behavior "ridiculous." Judge DiMotto adjourned the hearing at approximately 10:45 a.m. The hearing on the motion reconvened at 2:05 p.m. that afternoon. In opening the afternoon portion of the hearing, Judge DiMotto noted the time and said that the parties "left on an adjourned basis about 10:45 [a.m.] perhaps this morning." Attorney Brittain interrupted and objected to Judge DiMotto's having characterized the close of the morning's hearing as an adjournment.

¶15 In support of his motion for recusal, Attorney Brittain denied that he had shouted at Judge DiMotto. He said Judge DiMotto had engaged in behaviors which were "inappropriate," that she had raised her voice at him, and he suggested that Judge DiMotto suffered from a physical or health

6

issue that affected her "ability to be appropriate" and which could affect his client's right to a fair trial.

¶16 The OLR's complaint alleged that by engaging in abusive, belligerent, and obstreperous conduct directed at Judge DiMotto in the course of representing his client, Attorney Brittain engaged in conduct intended to disrupt a tribunal, in violation of SCR 20:3.5(d).

¶17 Attorney Brittain filed an answer on July 24, 2012. On December 28, 2012, the OLR and Attorney Brittain entered into a stipulation whereby Attorney Brittain admitted the allegations in the OLR's complaint. The stipulation noted that the OLR was requesting that this court publicly reprimand Attorney Brittain. Attorney Brittain indicated he did not oppose the OLR's recommendation. On January 11, 2013, the referee entered an order approving the stipulation and recommending that the court publicly reprimand Attorney Brittain for his professional misconduct.

¶18 This court will affirm a referee's findings of fact unless they are clearly erroneous, but conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. This court is free to impose whatever discipline it deems appropriate, regardless of the referee's recommendation. See in re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶19 After careful review of the record, we adopt the referee's findings of fact and conclusions of law. We also

7

agree with the referee that a public reprimand is an appropriate level of discipline. We further deem it appropriate to require Attorney Brittain to pay the full costs of the proceeding, which are $3,348.31.

¶20 IT IS ORDERED that Eric S. Brittain is publicly reprimanded for professional misconduct.

¶21 IT IS FURTHER ORDERED that within 60 days of the date of this order, Eric S. Brittain shall pay the Office of Lawyer Regulation the costs of this proceeding.

¶22 IT IS FURTHER ORDERED that the director of the Office of Lawyer Regulation shall advise the court if there has not been full compliance with all conditions of this order.